# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AUDREY ALLEN HIMES,    ) | |
|                ) | |
|       Plaintiff,    ) | |
|                ) | |
| vs.                 ) | Case No. CIV-15-1084-R |
|                ) | |
| ENID POLICE DEPARTMENT,  ) | |
| et al.,               ) | |
|                ) | |
|       Defendants.    ) | |

## REPORT AND RECOMMENDATION

### I.  Initial complaint.

Audrey Himes (Plaintiff), appearing pro se, proceeding in forma pauperis, and while confined in the Garfield County Detention Center (GCDC), filed this action against the Enid Police Department and three of its officers, Roberto Norton, Kevin Everley, and Cassie Gentry.  Doc. 1.  Plaintiff generally claimed his "4th and 8th Amendment rights were violated by an illegal search and seizure by a female officer on a male suspect."  *Id.* at 1.  He also accused Defendants of "violating civil liberties by mocking and encouraging [him] to urinate upon [him]self, which [he] did."[1]  *Id.*

---

[1]  Unless otherwise indicated, quotations in this report are reproduced verbatim.

1

Pending ongoing screening under 28 U.S.C. § 1915A(a),[2] the undersigned makes no recommendation regarding those initial claims.

## II. Plaintiff's motion to settle.

Plaintiff, now in Oklahoma Department of Corrections' custody, Docs. 12, 15, has filed what he terms a Motion to Assess the to Settle of the Allotment for $3,000 in Closing these Matters. Doc. 14. He maintains that in addition to "the 4th and 8th Amendments of the constitution been violated," "brutality was imposed on [him] with out cause, by an dete[n]tion officer" during his Garfield County pretrial detention. *Id.*[3] He contends that "due to the state of depression this has lead me to I have now seen an Psych. Dr. and have to take anti depression medication" and "pray[s] the court to see that I am being more than fair for asking for such a small amount of allotment . . . ." *Id.*

## III. Amended complaint.

Pending screening, the undersigned has not ordered service in this matter, so Plaintiff may amend his complaint "once as a matter of

---

[2]    "The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

[3]    The undersigned ordered Plaintiff's prior motion to this same effect, Doc. 11, stricken because the motion did not conform to this Court's Local Civil Rules. Doc. 13.

course . . . ." Fed. R. Civ. P. 15(a)(1). Plaintiff's motion to settle seeks monetary relief as compensation for the alleged actions of Enid police officers as well as for the alleged actions of a GCDC officer. As such, Plaintiff's motion to settle is liberally considered as an amendment as of right by which he joins an unnamed GCDC officer and complains of excessive force by that Defendant. *Id.*

## IV.  Misjoinder.

These defendants are misjoined. Under federal procedural rules, "[p]ersons . . . may be joined in one action as defendants" only if two conditions are satisfied: (1) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and (2) "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

Those conditions are not met here. Initially, Plaintiff complained of Enid police officers' actions in seizing, searching, and taking him into custody. Doc. 1. Plaintiff then expanded his action, complaining about a GCDC officer's alleged use of excessive force during his pretrial confinement and seeking monetary relief. Doc. 14. The resulting amended complaint's "separate and unrelated claims — . . . arising out of different alleged incidents — against multiple defendants . . . is clearly insufficient for purposes of Rule

20(a)." *Gillon v. Fed. Bureau of Prisons*, 424 F. App'x 722, 726 (10th Cir. 2011) (internal quotation marks omitted).

Plaintiff misjoins the GCDC officer in this action. *See Kerchee v. Smith*, 2011 WL 4497778, at *3 (W.D. Okla. 2011) (unpublished report and recommendation) ("[T]he two sets of claims do not arise out of the same transaction or occurrence, and no question of law or fact is common to the two sets of defendants."). But, "[m]isjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21.

The undersigned recommends dismissal without prejudice of the unnamed GCDC officer from this action. Plaintiff complains of a recent event: the police allegedly searched him on August 21, 2015; his detention and the alleged assault were necessarily thereafter. Doc. 1, at 2. Should Plaintiff elect to file a separate conditions of confinement action against the GVDC officer, his "need to refile would not result in a time-bar . . . ." *Kerchee*, 2011 WL 4497778, at *3.

## V.    Recommendation and notice of right to object.

For the reasons stated, the undersigned Magistrate Judge recommends the dismissal without prejudice of the unnamed GCDC officer, and all claims stated against him, from this action.

The undersigned advises Plaintiff of his right to file an objection to this Report and Recommendation with the Clerk of Court by the 24th day of February, 2016, under 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The undersigned further advises Plaintiff that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation does not terminate the referral.

ENTERED this 4th day of February, 2016.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE