IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AUDREY ALLEN HIMES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-15-1084-R |
| ) | |
| ENID POLICE DEPARTMENT; ) | |
| ROBERTO NORTON, Officer; ) | |
| KEVIN EVERLEY, Officer; ) | |
| and CASSIE GENRTRY, Officer,) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Audrey Himes (Plaintiff) initiated the present action under 42 U.S.C. § 1983, and United States District Judge David L. Russell referred the matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). The undersigned recommends the court dismiss the complaint on screening.

I. **Plaintiff's complaint.**

Plaintiff, appearing pro se and proceeding in forma pauperis, and while confined in the Garfield County Detention Center, filed this action against the Enid Police Department and three of its officers, Roberto Norton, Kevin Everley, and Cassie Gentry. Doc. 1. Plaintiff generally claims his "4th and 8th Amendment rights were violated by an illegal search and seizure by a female

officer on a male suspect."[1]  *Id.* at 1.  He also accused Defendants of "violating civil liberties by mocking and encouraging [him] to urinate upon [him]self, which [he] did." *Id.*

Specifically, as to the search, Plaintiff alleges police "came to [his] home on a domestic complante" and told him to step outside, refusing his request to urinate before doing so. *Id.* at 2. He states he came down the stairs and "[t]he woman officer came up behind [him] and started pat serching [him] but handcuffed [him] first?" *Id.*  He contends "[t]he woman officer while pat searching [him] felt of [his] front pockets and inner thigh touching [him] wrongfully I felt" and "[t]hen she put her hand in [his] pockets feeling around in them and touching [him] again in [his] private area?" *Id.*  He further claims "after empting [his] front pockets finding a small amount of marjaiwana said [he] was under arrest for C.D.S then feeling of [his] back pockets [he] was violated yet again." *Id.*  Plaintiff asserts, "I am a faitful leagly married man and was vilated by being touched by the women officer while (two) mail officers wacth[ed]" and claims, "I should have the same rights as a female." *Id.* at 2, 3.

Additionally, Plaintiff specifically maintains "[he] was deeply humiliated in front of my neighbor/neighbors" when, "about 10 minutes" after

---

[1]  Unless otherwise indicated, quotations in this report are reproduced verbatim.

2

"one of the mail officers" said "we don't care" about his stated need to urinate – telling him to urinate on himself – he did so. *Id.* at 2-3.

## II. Grounds for sua sponte dismissal.

Because Plaintiff proceeds in forma pauperis and has sued government employees, this Court must review and dismiss the complaint, or any portion of it, which is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1)-(2). The court should liberally construe Plaintiff's pro se pleadings, as they are held to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam)). However, the court should not be Plaintiff's advocate, nor should the court "supply additional factual allegations to round out [Plaintiff's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 2009) (citing *Hall*, 935 F.2d at 1110).

In determining whether dismissal is proper for failure to state a claim upon which relief may be granted, the court "'must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to . . . [P]laintiff.'" *Thomas v. Kaven*, 765 F.3d 1183, 1190 (10th Cir. 2014) (citation omitted). To survive dismissal, Plaintiff's "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief

3

that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

To state a § 1983 claim, Plaintiff must "'allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.'" *Bruner v. Baker*, 506 F.3d 1021, 1025-26 (10th Cir. 2007) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).

### III. Analysis.

Plaintiff alleges the female officer's search was unlawful and unreasonable because she touched his "private area" during the patdown of his trouser pockets (and retrieval of marijuana). Doc. 1, at 2. Although Plaintiff cites the Fourth (and Eighth) Amendment, the undersigned construes his complaint as seeking monetary damages for the allegedly unreasonable "pat serc[h]" and not as challenging the legality of the marijuana's seizure. *Id.* Plaintiff also seeks monetary relief for the public humiliation he endured urinating on himself in public view.

Even reading Plaintiff's complaint very charitably, the undersigned finds the facts as alleged simply do not rise to the level of a constitutional violation. First, Plaintiff lacks a constitutional right to have a same-gender officer pat him down during an arrest. *See Timm v. Gunter*, 917 F.2d 1093, 1101-02 (8th Cir. 1990) (holding "the District Court erred in requiring prison

4

administrators to accommodate inmates' rights to be free from opposite-sex pat searches" and monitoring of naked prisoners); *Johnson v. Phelan*, 69 F.3d 144, 146 (7th Cir. 1995) (opposite-sex monitoring of naked prisoners permissible, guards are "entitled to watch and regulate every detail of daily life"); *Rice v. King Cty.*, No. 99-35257, 2000 WL 1716272, at *3 (9th Cir. Nov. 15, 2000) (unpublished op.) ("In general, cross-gender pat-down searches of male inmates by female prison guards are constitutionally permissible."); *Caldwell v. Rubbo*, No. 92-7177, 1993 WL 306052, at *1 (4th Cir. Aug. 10, 1993) (unpublished op.) ("Caldwell had no constitutional right to have the pat-down search performed by someone of her gender."); *Tarantino v. Citrus Cty. Gov't*, No. 5:12-CV-434-OC-32PRL, 2014 WL 4385550, at *7 n.14 (M.D. Fla. Sept. 4, 2014) (unpublished order) ("Courts have consistently found that there is no constitutional right to be patted down by a person of the same sex.") (citation and brackets omitted). Second, while Plaintiff may have suffered embarrassment and humiliation in having urinated on himself, the court cannot conclude Defendants violated Plaintiff's constitutional rights in this regard either. *See, e.g.*, *Barham v. Town of Greybull Wyo.*, 483 F. App'x 506, 509 (10th Cir. 2012) ("Plaintiff's claims of public embarrassment and loss of enjoyment of life . . . do not constitute a constitutional violation in themselves."); *Calhoun v. De Tella*, 319 F.3d 936, 939 (7th Cir. 2003) (holding not every "unpleasant, humiliating, and embarrassing" discomfort "amounts

to a constitutional violation"); *Swanigan v. Trotter*, 645 F. Supp. 2d 656, 680-81 (N.D. Ill. 2009), *modified on reconsideration*, No. 7 C 4749, 2011 WL 658156 (N.D. Ill. Feb. 14, 2011) (Where officers told arrestee "sit in the piss" after he had urinated on the jail cell floor, the court determined "§ 1983 does not provide redress for every rude or insensitive comment that police officers make to arrestees").

Because Plaintiff's allegations fail to state a valid claim for relief, the undersigned recommends the court dismiss the complaint with prejudice. *See Rosenfield v. HSBC Bank, USA*, 681 F.3d 1172, 1189 (10th Cir. 2012) (holding "a dismissal with prejudice is appropriate 'where the complaint fails to state a claim and granting leave to amend would be futile'" (citation, internal brackets, and ellipsis omitted)).

**IV. Recommendation and notice of right to object.**

For the foregoing reasons, the undersigned recommends the court summarily dismiss Plaintiff's complaint with prejudice. The court's adoption of this recommendation will moot Plaintiff's pending motions, Docs. 22-25.

The undersigned advises Plaintiff of his right to file an objection to the report and recommendation with the Clerk of this Court by April 19, 2016 in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Plaintiff that failure to make timely objection to the report and recommendation waives the right to appellate review of both

6

factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation terminates the court's referral to the undersigned Magistrate Judge.

ENTERED this 30th day of March, 2016.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE