# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AUDREY ALLEN HIMES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIV-15-1084-R |
| | ) |
| ENID POLICE DEPARTMENT; | ) |
| ROBERTO NORTON, Officer; | ) |
| KEVIN EVERLEY, Officer; and | ) |
| CASSIE GENRTRY, Officer, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff filed this action pursuant to 42 U.S.C. § 1983, alleging violation of his constitutional rights. Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Suzanne Mitchell for preliminary review. On March 30, 2016, Judge Mitchell issued a Report and Recommendation wherein she recommended that the Complaint be dismissed upon screening because Plaintiff has failed to state a claim. The matter is currently before the Court on Plaintiff's timely objection to the Report and Recommendation, which gives rise to the Court's obligation to conduct a *de novo* review of any portion of the Report and Recommendation to which Plaintiff makes specific objection. Having considered the Plaintiff's objection, the Court finds as follows.

As noted by Judge Mitchell Plaintiff's claims stem from a search of his person conducted on August 21, 2015. The search allegedly took place outside of Plaintiff's home, where police had apparently been summoned in response to a domestic disturbance. Plaintiff complains that the pat-down search was conducted by a female

officer while male officers were available. He also alleges violation of his rights because Defendants allegedly prevented him from using the bathroom, which resulted in him urinating on himself while standing in his yard, being mocked by officers. Judge Mitchell recommended dismissal of Plaintiff's claims because he lacked a constitutional right to have a male officer conduct the search and because his contention that he was humiliated by urinating on himself did not constitute a cognizable constitutional claim. In his objection, Plaintiff raises a new issue, one that could not be extracted from his initial complaint, even given liberal construction. He now contends that as a private citizen on private property that he has a legitimate expectation of privacy, and that the search of his person was unconstitutional. While the Court concurs with Judge Mitchell that the original complaint fails to state a claim, the Court finds that in light of Plaintiff's *pro se* status, that he should be granted leave to amend his allegations in an effort to state a claim based on his new contention that the search itself was unconstitutional.[1] Accordingly, the Report and Recommendation is hereby ADOPTED to the extent it recommends dismissal of the Complaint. Plaintiff, however, is hereby granted leave to amend his complaint. The amended complaint shall be filed not later than June 1, 2016. Failure to timely file an amended complaint will result in dismissal of this action without further notice from the Court.

---

[1] The Court does not anticipate that Plaintiff will attempt to add additional facts to support his contention that the fact that his search was conducted by a female officer was unconstitutional. Any such claim would fail for the reasons set forth in the Report and Recommendation.

IT IS SO ORDERED this 2nd day of May, 2016.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE