# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| AUDREY ALLEN HIMES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-15-1084-R |
| | ) | |
| ENID POLICE DEPARTMENT; | ) | |
| ROBERTO NORTON, Officer; | ) | |
| KEVIN EVERLEY, Officer; | ) | |
| and CASSIE GENTRY, Officer, | ) | |
| | ) | |
| Defendants. | ) | |

## AMENDED REPORT AND RECOMMENDATION

Audrey Himes (Plaintiff) initiated the present action under 42 U.S.C. § 1983, and United States District Judge David L. Russell referred the matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 4. Plaintiff challenged the reasonableness of a pat-down search a female officer performed while investigating a domestic complaint at Plaintiff's residence. Doc. 1, at 2. The undersigned recommended dismissal of the complaint without prejudice, and Plaintiff objected. Docs. 27, 28. Judge Russell adopted the undersigned's report and recommendation, but also granted Plaintiff leave to file an amended complaint, "based upon [Plaintiff's] new contention that the search itself was unconstitutional." Doc. 30, at 2 ("He now contends that as a private citizen

on private property that he has a legitimate expectation of privacy, and that the search of his person was unconstitutional."). Plaintiff filed an amended complaint, and after failing to include a demand for relief, Plaintiff cured the omission. Docs. 31, 37. After review, the undersigned recommends the court dismiss the complaint on screening.

## I.  Plaintiff's amended complaint.

Plaintiff, appearing pro se and proceeding in forma pauperis, alleges that, on August 21, 2015, while at his home Enid Oklahoma, a male police officer "aggressively knocked on [his] door." Doc. 31, at 1. Plaintiff opened the door, the male officer demanded Plaintiff's name, and "ordered [him] out of his PRIVATE DWELLING . . . ." *Id.*[1] Plaintiff asked to use the restroom, to which "the aggressive male officer then stated 'step out of the house first so we can talk to you.' . . ." *Id.* Plaintiff complied and was "nudged" down the stairs to the yard. *Id.* A female officer handcuffed him and performed a pat-down search. *Id.* Plaintiff alleges the female officer performing the search "sexually grop[ed]" him and[] "rubb[ed] his penis . . . ." *Id.* at 2.

Plaintiff contends the officers acted with "malicious and subjective intent or ulterior motive in conducting a warrantless Search on PRIVATE PROPERTY" and "being a citizen of the community that he Lived in and was

---

[1]  Unless otherwise indicated, quotations in this report are reproduced verbatim.

there in his home ordered out of which showed no disturbance had occurred Without being presented with a legal warrant for the plaintiff." *Id.* Plaintiff also alleged the female officer's "sexually groping" of him constituted "sexual assault," which amounted to "a openly outraging act of PUBLIC INDECENCY . . . ." *Id.* Plaintiff seeks disciplinary proceedings against defendants and a public apology, a declaratory judgment, "annulment of any disciplinary proceedings against him," and $10,000 in damages. Doc. 37, at 2.

## II. Grounds for sua sponte dismissal.

Because Plaintiff proceeds in forma pauperis and has sued government employees, this Court must review and dismiss the complaint, or any portion of it, which is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1)-(2). The court should liberally construe Plaintiff's pro se pleadings, as they are held to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam)). However, the court should not be Plaintiff's advocate, nor should the court "supply additional factual allegations to round out [Plaintiff's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 2009) (citing *Hall*, 935 F.2d at 1110).

3

### III. The amended complaint's prematurity.

Plaintiff pleaded guilty to domestic assault and drug-related misdemeanors in Garfield County, Oklahoma. *See Oklahoma v. Himes*, No. CF-2015-476, Nov. 17, 2015, http://www.oscn.net/dockets/GetCaseInformation.aspx?db=garfield&number=CF-2015-476&cmid=371531 (last visited June, 23, 2016). These convictions stemmed from August 21, 2015 offenses. *See id.* Counts #1, #2.

In *Heck v. Humphrey*, 512 U.S. 477, 486, 487 (1994), the Supreme Court recognized that a plaintiff may not seek remedy under § 1983 "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," unless he first proves "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. . . ." *See also Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 557 (10th Cir. 1999) ("*Heck* precludes § 1983 claims relating to pending charges when a judgment in favor of the plaintiff would necessarily imply the invalidity of any conviction or sentence that might result from prosecution of the pending charges. Such claims arise at the time the charges are dismissed."). Even though Plaintiff is asserting a Fourth Amendment claim due to an alleged illegal search and

4

seizure, *Heck* bars this claim. *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of the confinement or its duration.").

There is no evidence Plaintiff attacked his Garfield County plea, appealed or otherwise challenged those convictions. He has not alleged or proven that the Garfield County convictions or sentence was reversed or invalidated as provided by *Heck*. A judgment in favor of Plaintiff's claim that Defendants violated his Fourth Amendment rights when they seized and searched him without a warrant would imply the invalidity of his state court criminal proceedings. So, the undersigned finds the court should dismiss the case without prejudice on screening. *See Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir.1996) ("When a § 1983 claim is dismissed under *Heck*, the dismissal should be without prejudice." (citations omitted)).

## IV. Recommendation and notice of right to object.

For the foregoing reasons, the undersigned recommends the court summarily dismiss Plaintiff's complaint without prejudice.

The undersigned advises Plaintiff of his right to file an objection to the Amended Report and Recommendation with the Clerk of this Court by

5

July 22, 2016, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Plaintiff that failure to make timely objection to the Amended Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Amended Report and Recommendation terminates the court's referral to the undersigned Magistrate Judge.

ENTERED this 1st day of July, 2016.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE