# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AUDREY ALLEN HIMES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIV-15-1084-R ) |
| ENID POLICE DEPARTMENT, ROBERTO NORTON, Officer, KEVIN EVERLY, Officer, and CASSIE GENTRY, Officer, | ) ) ) ) ) |
| Defendants. | ) |

## ORDER

Plaintiff, a state prisoner appearing *pro se*, filed this action pursuant to 42 U.S.C. § 1983, alleging violation of his civil rights. Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Suzanne Mitchell for preliminary review. On July 1, 2016, Judge Mitchell issued an Amended Report and Recommendation, recommending that the claim raised in Plaintiff's Amended Complaint be dismissed without prejudice upon screening pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). The matter is currently before the Court on Plaintiff's timely objection to the Report and Recommendation, which gives rise to the Court's obligation to undertake a *de novo* review of those portions of the Report and Recommendation to which Plaintiff makes specific objection. Having concluded this *de novo* review, the Court finds as follows.

In *Heck*, the Supreme Court ruled that "to recover damages for . . . harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a party raising a § 1983 claim "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. 477 (1994). As

noted by Judge Mitchell, Plaintiff has failed in this regard. In the Objection Plaintiff does not take issue with Judge Mitchell's conclusion. Rather, he argues that he was not yet charged when the incidents occurred. This, however, is not the legal test. Rather, with regard to allegedly unconstitutional searches that lead to criminal conviction, in this case on domestic assault and drug charges, the Plaintiff cannot prevail if his conviction remains, because to invalidate the search and seizure would invalidate his conviction. As such, the law requires that the conviction be invalidated before any civil rights action may be pursued. Plaintiff does not allege that his convictions have been overturned or vacated for any reason, and accordingly, his 42 U.S.C. § 1983 claim is premature and therefore subject to dismissal without prejudice.

For the reasons set forth herein, the Report and Recommendation issued on July 1, 2016 (Doc. No. 40) is hereby ADOPTED IN ITS ENTIRETY and this action is hereby DISMISSED.

IT IS SO ORDERED this 20th day of July, 2016.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE